

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-4356
Re: Should the county pay costs
of original tax foreclosure
sales where county holds
property as trustee for
various taxing units?

We have received your recent letter requesting our
opinion upon the above stated question.

We quote from your letter as follows:

"Art. 7332, R. S. provides certain fees
for certain offices in the handling of delin-
quent tax suits. Art. 7328, R. S. provides in
part that upon failure of other bidders the
State may bid said property in at foreclosure
sale. Art. 7333, R. S. provides that said
fees and expenses of sale shall be paid out
of the proceeds of the sale after the taxes,
etc. are paid, but in no case shall the State
or county be liable.

"A number of suits have been filed by an
independent school district, and as provided
by Art. 7345b, R. S. the other taxing units
have been impleaded. The suits proceeded to
judgment and orders of sale issued. The pro-
perty was bid in by the county tax-collector
as trustee for all taxing units. The question
is whether the county should pay the various
officers their fees and the cost of publishing
the notices of the sheriff's sale.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. D. Stringer, Page 2

"I am of the opinion that under the statutes quoted in the first paragraph the county should not pay these costs, but rather that the payment will have to wait until such time as the property may be sold and money actually received."

You are concerned with the situation where the county tax collector, as trustee for an independent school district, and other taxing units, has purchased property at the original tax foreclosure sale, but which property has not been sold by said county tax collector, at private sale, or by the sheriff of said county, as provided by Sections 9 and 12 of Article 7345b, Vernon's Civil Statutes. You request information as to whether the county should pay the various costs and expenses taxed by the court in the original foreclosure sale, or whether the payment of such costs will have to await the resale of such property and the actual receipt of the proceeds of such resale from the purchaser.

The procedure you inquire about is answered in Section 9 of Article 7345b, Vernon's Civil Statutes, which reads in part as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against

624

such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, <u>and after paying all costs and expenses</u>, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. . . ." (Underscoring ours)

Therefore, in answer to your question, you are respectfully advised that it is the opinion of this department that the county should not pay the various costs and expenses of the original foreclosure sale, and that such costs and expenses are not payable until the resale of such property by the county and the actual receipt of the proceeds of such sale.

We trust that the foregoing fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 22, 1942

*Grover Sellers*

ATTORNEY GENERAL

By *D. Burle Daviss*

D. Burle Daviss
Assistant

DBD:GO

